JAMES F. LUGRUE, plaintiff in error, vs. M. W. WOODRUFF, defendant in error.

A letter written by the drawee to the drawer after the draft has been endorsed, and payment refused, although by its terms a sufficient acceptance, yet it is not without other proof available as such to the holder.

Complaint, in Richmond Superior Court. Tried before Judge HOLT, at October Term, 1859.

This was an action by James F. Lugrue against Minus W. Woodruff, on a draft, of which the following is a copy, viz:

" CHATTANOOGA, January 23d, 1858.

$164. Three days after date, pay to the order of myself,

one hundred and sixty-four dollars, value received, and charge the same to account of 202 sacks oats, marked W.

(Signed,)	R. HOOPER.

To M. W. Woodruff, Augusta, Ga."

(Endorsed,) "pay James F. Lugrue.

(Signed,)	R. HOOPER."

Noted and protested for non-acceptance, January 27th, 1858.

Noted and protested for non-payment, January 29th, 1858.

Plaintiff at the trial, offered the draft in evidence, to which defendant objected, on the ground, that it was not accepted on its face. The Court sustained the objection, and plaintiff excepted.

Plaintiff then offered in evidence the following letter from defendant to Hooper, the drawer of the draft, as evidence of acceptance:

"Augusta, January 26th, 1858.

Mr. R. Hooper:

Dear Sir: Your draft on the oats at three days was presented to day for payment, and the oats not yet arrived, and money as tight as bricks, it is almost impossible to collect any thing here, it is utterly impossible for me to pay the draft to-day, but as soon as the oats get here, I can realize on them immediately, and will then attend to the draft; it will be all right in a few days. If the draft should come back to you have it sent down again, and I will certainly arrange it; and send on all the oats you can, our market is almost entirely bare of them and a good demand at 60 to 65 cents.

Respectfully,

M. W. WOODRUFF."

Defendant objected to this letter, on the ground, that it was not an acceptance as to third persons, whatever it might be as to Hooper. The Court sustained the objection, and plaintiff excepted.

Lugrue vs. Woodruff.

Plaintiff then proposed to prove that the conditions expressed in the letter had been performed; that the oats did arrive and were sold, and the draft sent back to defendant. The Court rejected this evidence also, and plaintiff excepted.

There being no further evidence, plaintiff was nonsuited, and therefore tendered his bill of exceptions, assigning as error the above rulings and decisions.

John H. Hull, for plaintiff in error.

L. D. Lallerstedt, *contra.*

*By the Court.*—Lumpkin J. delivering the opinion.

The proof in this case did not go far enough. It should have been shown, either that the letter written by Woodruff, and which we hold to be a sufficient acceptance, was written to Hooper before the draft was endorsed to the plaintiff, which we are quite sure was not the fact, or that the paper, after acceptance was refused, was *returned to Hooper,* and re-delivered by him to Lugrue, who took it upon the faith of the letter; or, that he advanced money or paid something of value upon it. If this proof can be supplied, the plaintiff will be entitled to recover. As the testimony stands, however, we hold, the Judge was right in awarding a nonsuit.

Judgment affirmed.